|  | FOR COURT USE ONLY |
|---|---|
| **UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA** | **FILED & ENTERED**<br><br>AUG 26 2009<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY** milano **DEPUTY CLERK** |

| In re:<br>MARK WAYNE POTTER,<br>ANNA PATTERSON POTTER<br><br>Debtor(s).<br><br>Karl Anderson<br><br>Trustee. | CHAPTER: 7<br><br>CASE NO.: 6:09-bk-23004-BB<br><br>DATE: August 26, 2009<br>TIME: 10:00 AM<br>CTRM: 303<br>FLOOR: |
|---|---|

# ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY
## UNDER 11 U.S.C. § 362 (Real Property)
### (MOVANT: U.S. Bank, NA fka Firstar Bank, NA )

1. The Motion was: ☐ Contested  ☒ Uncontested  ☐ Settled by stipulation

2. The Motion affects the following real property (the "Property"):
   *Street Address:* 21347 Darby Street
   *Apartment/Suite No.:*
   *City, State, Zip Code:* Wildomar, CA 92595

   Legal description or document recording number (including county of recording):

   ☒ See attached page.

3. The Motion is granted under: ☒ 11 U.S.C. § 362(d)(1)  ☒ 11 U.S.C. § 362(d)(2)  ☐ 11 U.S.C. § 362(d)(3)
   ☐ 11 U.S.C. § 362(d)(4)

4. As to Movant, its successors, transferees and assigns ("Movant"), the stay of 11 U.S.C. § 362(a) is:
   a. ☒ Terminated as to Debtor(s) and Debtor's(s') bankruptcy estate.
   b. ☐ Annulled retroactively to the date of the bankruptcy petition filing.
   c. ☐ Modified or conditioned as set forth in Exhibit _____ to this Order.

5. ☒ Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable non-bankruptcy law, but may not pursue any deficiency claim against the Debtor(s) or property of the estate except by filing a Proof of Claim pursuant to 11 U.S.C. § 501.

*(Continued on next page)*
This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised January 2009*                                                                                                       **F 4001-1O.RP**

| In Re (SHORT TITLE) | | CHAPTER: 7 |
|---|---|---|
| MARK WAYNE POTTER<br>ANNA PATTERSON POTTER | Debtor(s) | CASE NO: 6:09-bk-23004-BB |

6. ☐ Movant shall not conduct a foreclosure sale before the following date (*specify*):

7. ☐ The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Attachment to this Order.

8. ☐ In chapter 13 cases, the trustee shall not make any further payments on account of Movant's secured claim after entry of this Order. The secured portion of Movant's claim is deemed withdrawn upon entry of this Order without prejudice to Movant's right to file an amended unsecured claim for any deficiency. Absent a stipulation or order to the contrary, Movant shall return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this Order.

9. The filing of the petition was part of a scheme to delay, hinder and defraud creditors that involved either:
   ☐ transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval.
   ☐ multiple bankruptcy filings affecting the Property.

   If recorded in compliance with applicable state laws governing notices of interest or liens in the Property, this Order is binding and effective under 11 U.S.C. § 362(d)(4)(A) and (B) in any other bankruptcy case purporting to affect the Property filed not later than two (2) years after the date of entry of this Order, except that a debtor in a subsequent bankruptcy case may move for relief from this Order based upon changed circumstances or for good cause shown, after notice and a hearing. Any federal, state or local goverrnmental unit that accepts notices of interests or liens in real property shall accept a certified copy of this Order for indexing and recording.

10. This Court further orders as follows:
   a. ☒ This Order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.
   b. ☒ The 10-day stay provided by Bankruptcy Rule 4001(a)(3) is waived.
   c. ☐ The provisions set forth in the Extraordinary Relief Attachment shall also apply *(attach Optional Form F 4001-1O.ER)*.
   d. ☐ See attached continuation page for additional provisions.

Dated: 08/26/2009

_____
UNITED STATES BANKRUPTCY JUDGE

_____
This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised January 2009*  **F 4001-1O.RP**

DOC # 05-0136823
02/18/ 08:00A Fee:48.00
Page 1 of 7
Recorded in Official Records
County of Riverside
Larry W. Ward
Assessor, County Clerk & Recorder

Alliance Title - Riv -

WHEN RECORDED MAIL TO:
PACIFIC STATES MORTGAGE, INC.
1651 E. 4TH STREET #124
SANTA ANA, CA 92701
LN# 0070501001

| M | S | U | PAGE | SIZE | DA | PCOR | NOCOR | SMF | MISC |
|---|---|---|------|------|----|----|-----|-----|------|
|   |   |   |      |      |    |      |       |     |      |

| A | R | L | COPY | LONG | REFUND | NCHG | EXAM |
|---|---|---|------|------|--------|------|------|

State of California

# DEED OF TRUST

FHA Case No.:
MIN:

THIS DEED OF TRUST ("Security Instrument") is made on **February 9, 2005**.
The Trustor is **ANNA MARIE PATTERSON, AN UNMARRIED WOMAN AND MARK WAYNE POTTER, A SINGLE MAN, AS JOINT TENANTS**

("Borrower").

The trustee is
**SOUTHLAND TITLE CORPORATION** ("Trustee").
The beneficiary is Mortgage Electronic Registration Systems, Inc. ("MERS"), solely as nominee for Lender, as hereafter defined, and Lender's successors and assigns, a corporation organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS. ("Beneficiary").
The lender is
**PACIFIC STATES MORTGAGE, INC., A CALIFORNIA CORPORATION**
which is organized and existing under the laws of **THE STATE OF CALIFORNIA**, and whose address is
**1651 E. 4TH STREET #124, SANTA ANA, CA 92701** ("Lender").
Borrower owes Lender the principal sum of
TWO HUNDRED SEVENTY SEVEN THOUSAND FIVE HUNDRED FORTY FOUR AND NO/100 -----
Dollars (U.S. $ **277,544.00** ). This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on **March 1, 2035**. This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in **RIVERSIDE** County, California: A.P.N.: **376-031-002-4**
LOT 22, IN BLOCK 9 OF TOWN OF WILDOMAR, IN THE COUNTY OF
RIVERSIDE, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK
6, PAGES 294 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER
OF SAID COUNTY.

WHICH HAS THE PROPERTY ADDRESS OF:
ADDRESS:    21347 DARBY STREET
CITY    :   WILDOMAR (AREA)
STATE   :   CALIFORNIA
ZIP     :   92595

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property". Borrower understands and



Initials:

FHA California Deed of Trust 10/95 - MERS (9/99)                                   (Page 1 of 7)